KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
GREGORY P. KORN (SBN 205306)
 gkorn@kwikalaw.com
GREGORY S. GABRIEL (SBN 239902)
 ggabriel@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California  90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for GEORGE & COMPANY, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

GEORGE & COMPANY, LLC, a New York limited liability company,

Plaintiff,

vs.

IMAGINATION INTERNATIONAL CORPORATION, a Delaware Corporation; IMAGINATION HOLDINGS PTY LTD., an Australian corporation; IMAGINATION ENTERTAINMENT PTY LTD., an Australian corporation; IMAGINATION PARTNERS, an Australian corporation; BOARDGAMESEXPRESS.COM, a Pennsylvania business entity; THEGAMESHOP.COM, an Australian business entity; and DOES 1-20,

Defendants.

CASE NO. CV10 0639 GAF (Ex)

COMPLAINT FOR:
(1) Trademark Infringement in Violation of 15 U.S.C. 1114;
(2) False Advertising, False Designation of Origin and Unfair Competition in Violation of 15 U.S.C. § 1125(a); and
(3) Unfair Competition In Violation of California Business and Professions Code § 17200 et. seq.

DEMAND FOR JURY TRIAL

99911.00011/49814.3

COMPLAINT

Kinsella Weitzman Iser Kump & Aldisert llp
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Tel 310.566.9800 • Fax 310.566.9850

## INTRODUCTION

1.    Plaintiff George & Company, LLC ("Plaintiff") is a classic American success story.  Founded in Buffalo, New York in 1919 by an emigrant, George Smilanich, Plaintiff is a successful and respected company engaged in the sale of dice games, party games, board games and novelty entertainment products which are extensively marketed to the public.  Plaintiff is best known for its widely popular dice game known both as "Left Center Right" and "LCR," which it introduced to the public in 1986.  Plaintiff owns two federal trademark registrations for the use of "LCR" on its dice game and related products.

2.    In 2007, Defendant Imagination International Corporation by and through its subsidiary companies (collectively "Imagination"), introduced a knock-off of Plaintiff's dice game that was similarly entitled "Left Center Right."  Although a prior court ruled that "Left Center Right" was an unprotected, descriptive trademark, Imagination has subsequently embarked on a blatant, unlawful campaign to pass off its products as Plaintiff's.  Imagination has begun using Plaintiff's two registered LCR marks in advertising its product.  Further, Imagination has cut and pasted Plaintiff's customers' testimonials regarding Plaintiff's game into advertisements for Imagination's game.  Plaintiff brings this action to seek redress for Imagination's acts of trademark infringement, false advertising, false designation of origin and unfair competition.

## THE PARTIES

3.    Plaintiff George & Company, LLC is a limited liability corporation organized and existing under the laws of the State of New York and having its principal place of business in Bonita Springs, Florida.

4.    Plaintiff is informed and believes, and based thereon alleges, that Defendant Imagination International Corporation ("Imagination International") is a corporation organized and existing under the laws of the Delaware with its principal place of business in California, and which conducts substantial business in the

99911.00011/49814.3

2

COMPLAINT

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

Central District of California.

5.    Plaintiff is informed and believes, and based thereon alleges that, Defendant Imagination Holdings Pty Ltd. ("Imagination Holdings") is an Australian corporation with its principal place of business in California, and which conducts substantial business in the Central District of California.

6.    Plaintiff is informed and believes, and based thereon alleges that, Defendant Imagination Entertainment Pty Ltd. ("Imagination Entertainment") is an Australian corporation with its principal place of business in California, and which conducts substantial business in the Central District of California. Plaintiff is informed and believes, and based thereon alleges that, Imagination Entertainment is the registrant and owner of the website gsnshop.com.

7.    Plaintiff is informed and believes, and based thereon alleges that, Defendant Imagination Partners is an Australian corporation with its principal place of business in California, and which conducts substantial business in the Central District of California.

8.    Plaintiff is informed and believes, and based thereon alleges that, Defendant boardgamesexpress.com is a Pennsylvania business entity with its principal place of business in California, and which conducts substantial business in the Central District of California.

9.    Plaintiff is informed and believes, and based thereon alleges, that Defendant thegameshop.com is an Australian business entity with its principal place of business in California, and which conducts substantial business in the Central District of California.

10.    The true names and capacities of Defendants named herein as Does 1 through 20 are unknown to Plaintiff, which, therefore, sues these defendants by such fictitious names. Plaintiff will amend the complaint to show the true names and capacities of such Does when they have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that Does 1 through 20 were responsible in

some manner for the acts and transactions hereinafter alleged and are liable to Plaintiff.

11.    Imagination International, Imagination Entertainment, Imagination Holdings and Imagination Partners are collectively referred to herein as the "Imagination Entities." The following websites: gsnshop.com, thegameshop.com and boardgamesexpress.com are collectively referred to herein as the "Infringing Websites." The Imagination Entities, thegameshop.com, boardgamesexpress.com and Does 1-20 are collectively referred to herein as "Defendants."

12.    Upon information and belief, Defendants have acted and/or have conspired to act in concert with one another to commit the illegal acts complained of herein and have committed these illegal acts in this District for their individual gain and profit, and are subject to the jurisdiction of this Court.

## JURISDICTION

13.    This action arises under the Lanham Act, 15 U.S.C. § 1125(a) and 15 U.S.C. § 1114, and the law of the State of California. Jurisdiction is based upon 15 U.S.C. § 1121(a), 28 U.S.C. § 1331 and the principles of pendant jurisdiction pursuant to 28 U.S.C. § 1367(a).

14.    Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a), in that Plaintiff's claims arise in this District and Defendants do business in this District.

## FACTUAL BACKGROUND

### Plaintiff And Its Success In The Industry

15.    Plaintiff is a family owned business which does business in interstate commerce, with its principal offices in Bonita Springs, Florida.

16.    Plaintiff's hard work, innovative spirit, efforts and accomplishments have made Plaintiff a well-known and recognized name in the dice games, party games, board game, and novelty entertainment product industry. Plaintiff's enviable reputation and philosophy of providing the highest quality goods and products has

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

99911.00011/49814.3

made it a leader in its industry.

17.    Since 1986, Plaintiff has been and is widely known throughout the toy and game industry as the originator and innovator of the highly popular dice game referred to as "LCR", "Left Center Right", "Left! Center! Right!" and "Left, Center, Or Right - Don't Lose Your Chips!" (referred to herein as "Plaintiff's Dice Game").

18.    Plaintiff has advertised and sold millions of units of Plaintiff's Dice Game, including on Plaintiff's internet website located at www.dicegames.com and at major national retailers such as Target, Walgreens, Bed Bath & Beyond, Barnes & Noble, Spencer's Gifts, and Party City.

19.    Plaintiff's Dice Game has been the subject of a great deal of public acclaim and unsolicited publicity, including on the November 23, 2006, episode of the popular "Rachael Ray Show," which was televised nationally.  More recently, Plaintiff's Dice Game was featured in the 2007, 2008, and 2009 issues of TDmonthly Magazine, a trade magazine for the toy, hobby, game and gift industry, and was listed as one of the "Top 10 Most Wanted Games."  Certain retailers identified Plaintiff's Dice Game as their number one and biggest selling game.

20.    Sales of Plaintiff's Dice Game has steadily increased every year since 1986 and, as part of its commercial activities, Plaintiff also markets its dice game to other authorized companies for use as co-branded promotional products.

21.    Plaintiff's favorable public reputation and commercial successes are well-known to the consuming public as well as to its competitors, including Defendants.

### Plaintiff's Trademark Rights

22.    Plaintiff is the owner of all right, title, and interest in United States Trademark Registration No. 2802321, which consists of the letters "LCR" shown in a rolling dice configuration, in international class 28 for use on dice games, party games and board games featuring specially marked dice.  That registration has become incontestable pursuant to the Lanham Act.  Plaintiff is also the owner of all

right, title and interest in United States Trademark Registration No. 2989658 for "LCR" as a standard character mark in international class 28 for use on dice games, party games and board games featuring specially marked dice and chips. Plaintiff's federally registered trademark Nos. 2802321 and 2989658 are collectively referred to herein as the "LCR Marks."

23.    Plaintiff has made great expenditure to achieve the success it now enjoys. Plaintiff has widely and continuously advertised and promoted to the public through various by various means and modes, including but not limited to over the internet, the LCR Marks. By reason of such advertising, the public has come to recognize Plaintiff's Dice Game sold and advertised under the LCR Marks as solely emanating from Plaintiff. As a result of Plaintiff's investment, the LCR Marks have become synonymous with high quality goods in its industry and related fields and industries.

**Defendants' Attempts To Pass Of Their Dice Game As Plaintiff's Dice Game**

24.    In stark contrast to Plaintiff's long term and innovative successes, Plaintiff is informed and believes, and based thereon alleges, that Defendants and their related companies are large, global businesses with a history of trading off of the goodwill and innovative efforts of smaller businesses like Plaintiff.

25.    In 2007, Defendants introduced their own version Plaintiff's Dice Game, which they also entitled "Left Center Right" ("Defendants' Dice Game"). The game play, rules, packaging and title of Defendants' Dice Game are virtually identical to that of Plaintiff's Dice Game. In fact, Defendants' CEO has admitted that Defendants purchased and studied Plaintiff's Dice Game and that it was used as a prototype by Defendants prior to the manufacture of their "Left Center Right" game. Defendants' Dice Game is based on the same concept as Plaintiff's Dice Game, it incorporates the same set of rules, and it is marketed to the same classes of consumers, all in direct competition with Plaintiff.

26.    In May 2007, Plaintiff filed suit against certain of the Defendants in the

99911.00011/49814.3

6

COMPLAINT

Eastern District for the State of Virginia alleging that those defendants' use of the mark "Left Center Right" on the packaging of Defendants' Dice Game and in advertisements constituted trademark infringement. Plaintiff is informed and believes, and based thereon alleges, that at the time Defendants were not using the LCR Marks in connection with Defendants' Dice Game.

27. The prior litigation between Plaintiff and Defendants was resolved in Defendants' favor when it was determined that "Left Center Right" was an unprotected descriptive mark in which Plaintiff was lacking (at the time) in secondary meaning.

28. Subsequently, Defendants escalated their efforts to trade off of Plaintiff's goodwill and pass off their products as Plaintiff's. Plaintiff is informed and believes, and based thereon alleges, that the Imagination Entities own and operate the Infringing Websites. Beginning in or about December 2009, Defendants began advertising Defendants' Dice Game on the Infringing Websites using not only the title "Left Center Right," but using the LCR Marks as well. Plaintiff is informed and believes, and based thereon alleges, that the Imagination Entities directed the unauthorized use of the LCR Marks on the Infringing Websites in an intentional effort to deceive the public and pass off Defendants' Dice Game as Plaintiff's Dice Game, and that consumers are likely to be confused.

29. Remarkably, Defendants' attempt to deliberately confuse their dice game with Plaintiffs' Dice Game in the mind of the public did not stop with infringing the LCR Marks. Defendants also took testimonials from Plaintiff's customers about Plaintiff's Dice Game which had appeared in Plaintiff's advertisements (the "Testimonials") and incorporated them verbatim into advertisements for Defendant's Dice Game.

30. Defendants have also falsely advertised to the public that Defendants' Dice Game is the "the original" such game. Defendants' claim that its game was the "the original" falsely conveys to consumers that it was the first of its kind on the

99911.00011/49814.3

7

market, when in fact Plaintiff's Dice Game pre-dates Defendants' Dice Game by two decades. Plaintiff is informed and believes, and based thereon alleges, that Defendants' statement to consumers that their dice game was the first of its kind on the market is a material statement that is reasonably likely to affect the purchasing decisions of consumers.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement – 15 U.S.C. § 1114)

31. Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 30 hereof, inclusive, as if set forth in full herein.

32. Defendants have infringed and continue to infringe Plaintiff's federally registered trademark rights in the LCR Marks by using "LCR" in advertisements for Defendants' Dice Game without Plaintiff's permission. Defendants' unauthorized use of the LCR Marks is likely to and has confused consumers.

33. The actions of Defendants have caused and will continue to cause Plaintiff to suffer great and irreparable injury through, among other things, (1) likelihood of confusion, mistake, and deception amongst the relevant consuming public; and (2) the loss of valuable goodwill associated with Plaintiff and the LCR Marks.

34. Plaintiff will continue to be irreparably harmed so long as Defendants continue to infringe the LCR Marks. Plaintiff is therefore entitled to equitable relief in the form of a temporary restraining order, a preliminary injunction, and a permanent injunction against further violations of its federally registered trademark rights.

35. Plaintiff is informed and believes, and based thereon alleges, that Defendants are not innocent infringers, but rather that such infringement on their part is knowing, willful, and intentional and manifested with an intent to deceive the public and pass off Defendants' Dice Game as Plaintiff's Dice Game.

36. As a direct and proximate result of the acts of trademark infringement

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

99911.00011/49814.3

8

COMPLAINT

as set forth above, Plaintiff has been damaged in a sum or sums presently unknown, but which will be proven at the time of trial. Accordingly, Plaintiff is entitled to the full range of relief under the 15 U.S.C. § 1114, including, without limitation, Plaintiff's damages and lost profits, an accounting of Defendants' books and records to determine the totality of their respective profits from their infringement, and/or recovery of all of Defendants' profits arising from their acts of trademark infringement.

37.    In addition, as a direct and proximate result of Defendants' intentional acts of trademark infringement as herein alleged, Plaintiff is entitled to treble damages, attorneys' fees and additional remedies under 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

### (False Advertising, False Designation of Origin and Unfair Competition– 15 U.S.C. § 1125(a))

38.    Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 37 hereof, inclusive, as if set forth in full herein.

39.    Defendants have used "LCR" and the LCR Marks in such a manner as to create a likelihood of confusion among prospective purchasers and to induce purchasers and others to mistakenly believe that the goods and services provided by Defendants are rendered, sponsored, or otherwise approved by, or associated with Plaintiff. Defendants have exacerbated the likelihood of confusion by using Testimonials in advertisements for Defendants' Dice Game that were in fact written by consumers of Plaintiff's Dice Game.

40.    Defendants' conduct as alleged above constitutes false designation of origin, false advertising, and/or unfair competition within the meaning of 15 U.S.C. § 1125(a).

41.    Further, Defendants have falsely described Defendants' Dice Game as "the original" in advertisements for, and on the packaging of, the game. This description falsely conveys to consumers that Defendants' Dice Game was the first

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

99911.00011/49814.3

9

of its kind on the market—a statement that is material to consumers and likely to affect their purchasing decision. Plaintiff is informed and believes, and based thereon alleges, that Defendants' false statements in its advertisements and on the packaging of Defendants' Dice Game were purposeful and part of a larger pattern by Defendants. For example, Plaintiff is informed and believes, and based thereon alleges, that Defendants have misleadingly used the descriptor "original" in connection with other games that were not the first of their kind.

42. Defendants' false statements to consumers that Defendants' Dice Game is "the original" constitutes false advertising in violation of 15 U.S.C. § 1125(a).

43. The actions of Defendants as alleged herein have caused and will continue to cause Plaintiff to suffer great and irreparable injury through (1) likelihood of confusion, mistake, and deception among the relevant public; and (2) the loss of Plaintiff's valuable goodwill and business reputation.

44. Plaintiff will continue to be irreparably harmed so long as Defendants are permitted to advertise their products using the LCR Marks, the false descriptor "the original," and the Testimonials. Plaintiff is therefore entitled to equitable relief in the form of a temporary restraining order, a preliminary injunction, and a permanent injunction against further violations of its rights.

45. As a direct and proximate result of the above actions, Plaintiff has been damaged in a sum or sums presently unknown, but which will be proven at the time of trial. Accordingly, Plaintiff is entitled to the full range of relief under the 15 U.S.C. § 1125(a), including without limitation, Plaintiff's damages and lost profits, an accounting of Defendants' books and records to determine the totality of their respective profits from their acts of false advertising, false designation of origin and unfair competition, and/or recovery of all of Defendants' profits arising from such acts.

46. Plaintiff is informed and believes, and based thereon alleges, that at the time Defendants commenced their infringement as alleged herein they had actual

99911.00011/49814.3

10

COMPLAINT

knowledge of Plaintiff's rights in the LCR Marks and actual knowledge that the Testimonials concerned Plaintiff's products. Plaintiff is further informed and believes, and based thereon alleges, that Defendants advertised their product with the phrase "the original" with the knowledge and intent that it would mislead consumers. Thus, Defendants have willfully, knowingly, and maliciously deceived and confused the relevant consuming public and infringed Plaintiff's rights. Accordingly, pursuant to 15 U.S.C. § 1117(a), Plaintiff is further entitled to an award of treble damages and attorneys' fees against Defendants.

## THIRD CLAIM FOR RELIEF

### (Violation of California Business and Professions Code § 17200)

47. Plaintiff realleges and incorporates herein by this reference the allegations of paragraphs 1 through 46 hereof, inclusive, as if set forth in full herein.

48. Defendants are unfairly competing with Plaintiff by using the LCR Mark, the Testimonials, and the word "original" to sell and advertise Defendants' Dice Game, to promote Defendants' business, and to attract consumers who would otherwise purchase Plaintiff's Dice Game. Such usages by Defendants are likely to deceive their prospective clients and the public into thinking that Defendants' Dice Game is authorized, sponsored, associated with, or approved by Plaintiff.

49. The actions of Defendants are fraudulent, unfair and deceptive business activities which violate California statutory law, including, without limitation, California Business and Professions Code Sections 17200, et seq.

50. As a result of the above-described conduct, potential and actual consumers have been, and will continue to be, misled about the source of Defendants' Dice Game.

51. Plaintiff has been, and unless enjoined by this Court, will continue to be, damaged and irreparably harmed by Defendants' acts of unfair competition. Such irreparable harm constitutes an injury for which Plaintiff has no adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief ordering

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

99911.00011/49814.3

11

Defendants to cease their unfair and illegal practices as alleged herein.

## Prayer For Relief

WHEREFORE, Plaintiff prays for judgment as follows:

1.    On all claims for relief, for a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

a.    from directly or indirectly falsely designating or representing that any of Defendants' goods or services are authorized, approved, associated with, or originating from Plaintiff

b.    from selling, offering for sale, manufacturing, distributing, advertising, promoting, marketing, or otherwise placing into the market Defendants' Dice Game, or any similar game, using the mark "LCR", or any confusingly similar variant thereof, either alone or in conjunction with the title "Left Center Right" on Defendants' products and/or in Defendants' advertisements for its products;

c.    from selling, offering for sale, manufacturing, distributing, advertising, promoting, marketing, or otherwise placing into the market Defendants' Dice Game, or any similar game, using the Testimonials, or any other reviews/testimonials regarding Plaintiff's Dice Game, on Defendants' products and/or in Defendants' advertisements for its products;

d.    from selling, offering for sale, manufacturing, distributing, advertising, promoting, marketing, or otherwise placing into the market Defendants' Dice Game, or any similar dice game, using the word "original" in the title of, on the packaging of, or in advertisements for such products;

e.    to deliver to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' respective possession, custody, or control and which bear the LCR Mark, or any confusingly similar variant, the Testimonials, and/or the

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

word "Original"; and

      f.     to notify their direct customers, agents, and representatives that the Defendant's Dice Game is not connected or associated with Plaintiff.

2.    On the first and second claims for relief, for an accounting and payment of all profits earned by Defendants while engaging in the acts complained of herein;

3.    On the first and second claims for relief, for all monetary damages suffered by Plaintiff, such damages to be trebled pursuant to 15 U.S.C. § 1117; and

4.    On the first and second claims for relief, for an award of attorney's fees and costs pursuant to 15 U.S.C. § 1117; and

5.    Such other and further relief in favor of Plaintiff as the Court deems just and proper.

DATED:  January 28, 2010        Respectfully submitted,

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By: _____

Gregory S. Gabriel
Attorneys for GEORGE & COMPANY, LLC

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

99911.00011/49814.3

13

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues which are so triable in this action, as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED:  January 28, 2010

Respectfully submitted,

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP

By: _____

Gregory S. Gabriel
Attorneys for GEORGE & COMPANY, LLC

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

99911.00011/49814.3

14

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐ )

GEORGE & COMPANY, LLC, a New York limited liability company,

**DEFENDANTS**

SEE ATTACHMENT "A"

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Gregory S. Gabriel, Esq. SBN 239902
Kinsella Weitzman Iser Kump & Aldisert
808 Wilshire Boulevard, Third Floor
Santa Monica, CA 90401
310.566.9800

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☒ **MONEY DEMANDED IN COMPLAINT: $** to be proven

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Trademark infringement in violation of 15 U.S.C. §1114

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | REAL PROPERTY | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number:    CV10 0639

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    **CIVIL COVER SHEET**    Page 1 of 2

CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  [X] No   [ ] Yes

If yes, list case number(s): _____

**VIII(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  [X] No   [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)     [ ]   A. Arise from the same or closely related transactions, happenings, or events; or

[ ]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX.   VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Florida |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Australia, Pennsylvania |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Florida |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

X.   SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 1/28/10

Gregory S. Gabriel, Esq.

**Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

GEORGE & COMPANY, LLC, a New York limited liability company,

PLAINTIFF(S)

v.

IMAGINATION INTERNATIONAL CORPORATION, a Delaware Corporation; IMAGINATION HOLDINGS PTY LTD., an Australian corporation; IMAGINATION ENTERTAINMENT PTY LTD., an Australian corporation; IMAGINATION PARTNERS, an Australian corporation; BOARDGAMESEXPRESS.COM, a Pennsylvania business entity; THEGAMESHOP.COM, an Australian business entity; and DOES 1-20,

DEFENDANT(S).

CASE NUMBER

CV10 0639 GAF (Ex)

SUMMONS

TO:   DEFENDANT(S): SEE ATTACHMENT "A"

A lawsuit has been filed against you.

Within 2⟂ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Gregory S. Gabriel, Esq. , whose address is Kinsella Weitzman Iser Kump & Alidsert LLP, 808 Wilshire Bl., 3rd Fl, Santa Monica CA 90401 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JAN 2 8 2010

By: CHRISTOPHER POWERS

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CCD-1A

SUMMONS ATTACHMENT "A"

**DEFENDANTS**:  IMAGINATION INTERNATIONAL CORPORATION, a Delaware Corporation; IMAGINATION HOLDINGS PTY LTD., an Australian corporation; IMAGINATION ENTERTAINMENT PTY LTD., an Australian corporation; IMAGINATION PARTNERS, an Australian corporation; BOARDGAMESEXPRESS.COM, a Pennsylvania business entity; THEGAMESHOP.COM, an Australian business entity; and DOES 1-20