KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
GREGORY P. KORN (SBN 205306)
  gkorn@kwikalaw.com
GREGORY S. GABRIEL (SBN 239902)
  ggabriel@kwikalaw.com
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California 90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

Attorneys for GEORGE & COMPANY, LLC

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GEORGE & COMPANY, LLC, a New York limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>IMAGINATION INTERNATIONAL CORPORATION, a Delaware Corporation; IMAGINATION HOLDINGS PTY LTD., an Australian corporation; IMAGINATION ENTERTAINMENT PTY LTD., an Australian corporation; IMAGINATION PARTNERS, an Australian corporation; BOARD GAMES EXPRESS, INC., a Pennsylvania Corporation; and DOES 1-10,<br><br>Defendants. | CASE NO. CV10-00639 GAF (Ex)<br><br>**JUDGMENT AND PERMANENT INJUNCTION** |

10448./60504.2

JUDGMENT AND PERMANENT INJUNCTION

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

Whereas Plaintiff George & Company, LLC ("Plaintiff") and Defendants Imagination International Corporation, Imagination Holdings Pty Ltd., Imagination Entertainment Pty Ltd., Imagination Partners, and Board Games Express, Inc. (collectively, "Defendants"), by and through their counsel of record, have stipulated to entry of a judgment and permanent injunction, and good cause appears therefor, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Court has jurisdiction over the subject matter in this dispute and overall parties herein. Venue is proper in this Judicial District. The Court finds that there is a factual basis and legal basis for entry of this Judgment and Permanent Injunction and for the enforceability of this Judgment and Permanent Injunction.

**FACTUAL BACKGROUND**

2. Plaintiff is a long standing company widely known throughout the toy and game industry and manufacturers and sells a dice game known as LCR featuring specially-marked dice and chips distinguished by Plaintiff's Marks as set forth herein.

3. Plaintiff is the owner of all right, title, and interest in the following trademarks, among others:

    a.) United States Trademark Registration No. 2989658 to Plaintiff
    b.) United States Trademark Registration No. 2802321 to Plaintiff
    c.) United States Trademark Registration No. 3854443 to Plaintiff
    d.) United States Trademark Registration No. 3922749 to Plaintiff
    e.) United States Trademark Registration No. 3917401 to Plaintiff
    f.) United States Trademark Registration No. 3917337 to Plaintiff
    g.) United States Trademark Registration No. 3854443 to Plaintiff

(hereinafter "Plaintiff's Marks") used by Plaintiff on games, dice games, party games and board games (hereinafter "Plaintiff's Game" or "Plaintiff's Games")

4. Plaintiff's Marks are fully valid, enforceable, owned exclusively by

Plaintiff, are legally subsisting, and serve as valuable source identifiers and designations of origin for Plaintiff's products and the offering of its goods to the public.

5. Defendants have marketed and sold certain dice games under the name "Left Center Right." Plaintiff does not allege in this case that the sale of Defendants' dice game, in and of itself, constituted a Lanham Act violation or other violation of law.

6. Defendant Board Games Express has utilized the term LCR, a trademark owned by Plaintiff, in electronically displaying and selling certain dice games which are similar to dice games Plaintiff sells under Plaintiff's Marks.

7. Defendants have further provided copies of certain marketing pieces which utilized the reference "the original" when referring to Defendants' dice game.

8. Defendant Board Games Express has further marketed and sold certain dice games utilizing Plaintiff's customer testimonials allegedly taken from Plaintiff.

9. It is undisputed that Plaintiff has at no time granted any permission, license, authorization, or consent, to any Defendant herein for the acts described in the Complaint/Amended Complaint herein.

10. Defendants, without admitting any liability as to Plaintiff's allegations, acknowledge that Plaintiff's claims and the resolution of those claims are the catalyst for entering into this stipulated injunction as the Defendants sold their rights, including any trademark rights, to their Left Center Right dice games to Spin Master, Ltd. in August 2010.

**PERMANENT INJUNCTION**

11. For the above reasons, and based upon the parties' Stipulation for Entry of Judgment and Permanent Injunction, the Court enters Judgment in favor of Plaintiff on the Second Amended Complaint and enters a permanent injunction as

follows. Defendants are enjoined and restrained, together with their officers, directors, principals, agents, service employees, successors, assigns (excluding Spin Master Ltd., Spin Master, Inc., and Spin Master Toys Far East Limited because they are not parties to this action and thus are not addressed in this Order), and all those persons in active concert or participation therewith having notice of this Order from doing any of the following in the United States:

    a.) using in any way any of Plaintiff's Marks, or confusingly similar terms on any games, packaging, web site, online ad, sign, advertisement, slogans, internet domain name, promotional material, promotional communication, and/or printed electronic matter, and from making, using, selling or offering the same on any goods or services branded, marked or designated with any of Plaintiff's Marks;

    b.) using Plaintiff's registered mark LCR®;

    c.) purchasing or using any form of advertising, including key words, online ads or "ad words" in internet advertising containing Plaintiff's Marks unless authorized in writing by Plaintiff;

    d.) directly or indirectly falsely designating or representing that any goods or services of Defendants are authorized, approved, associated with, or originating from Plaintiff;

    e.) making, promoting, advertising, sponsoring or selling the dice games, for which representative samples are shown in Exhibit 1 hereto, in the United States, or using the product name or marking affixed thereto;

    f.) using any intellectual property or protected means of advertising and promotion belonging to Plaintiff, including but not limited to Plaintiff's graphics, art work, images and customer testimonials; and

    g.) aiding, abetting, assisting or participating with others in the acts prohibited and enjoined herein.

12. The parties shall bear their own attorneys' fees and costs in this action

10448./60504.2

4

JUDGMENT AND PERMANENT INJUNCTION

except as otherwise agreed among them.

13. This Court will retain continuing jurisdiction over this case to enforce the terms of this Judgment And Permanent Injunction.

DATED: July, 14 2011

_____
Honorable Gary Feess
United States District Judge

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850